17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 DUNGAREE REALTY, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5105.
 United States Court of Appeals, Federal Circuit.
 Jan. 18, 1994.
 
 Before PLAGER, CLEVENGER, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 DECISION
 
 1
 Dungaree Realty, Inc. (Dungaree) appeals the January 14, 1993 judgment of the United States Court of Federal Claims, No. 91-1667C, dismissing its complaint for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Dungaree was awarded a contract by the Department of Housing and Urban Development (HUD) to serve as the area management broker for HUD-held properties located in Denver, Colorado. Section H, Article IV, paragraph (g) of the contract provided as follows:
 
 The Contractor shall not:
 
 3
 g. Be employed by or provide services to third party entities having responsibilities to HUD in connection with any properties financed under any program of HUD mortgage insurance unless the contract [sic] has notified the Contracting Officer of much [sic] proposed employment or service and has received written approval to perform such services or employment.
 
 
 4
 In a letter dated January 27, 1988, to HUD officials, Dungaree requested approval, pursuant to the above provision, to perform third party services. In a letter dated February 11, 1988, the contracting officer advised Dungaree that he would not give the requested approval.
 
 
 5
 On December 5, 1991, Dungaree filed a complaint in what was then the United States Claims Court seeking damages of $1,500,000 for additional income it allegedly would have earned by managing non-HUD properties if the requested approval had been given. On April 3, 1992, the government moved to dismiss the complaint for lack of jurisdiction under Rule 12(b)(1) of the United States Claims Court (RUSCC), asserting that: (1) Dungaree had failed to submit a claim to the contracting officer as required by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. Sec. 605(a) (1988); (2) even if Dungaree's January 27, 1988 letter requesting paragraph (g) approval was a claim, it was not properly certified under the CDA, 41 U.S.C. Sec. 605(c); (3) assuming Dungaree's January 27, 1988 letter and the government's February 11, 1988 letter constituted, respectively, a proper CDA claim and a proper contracting officer's final decision, Dungaree's action in the Claims Court was barred because Dungaree had failed to appeal the decision to the court within one year, as required by the CDA, 41 U.S.C. Sec. 609(a)(3); and (4) the alleged claim sounded in tort and was excluded from the jurisdiction of the court under the Tucker Act, 28 U.S.C. Sec. 1491(a)(1) (1988). The court dismissed Dungaree's complaint without prejudice "for the reasons stated in [the government's] April 3, 1992 motion to dismiss."
 
 
 6
 On appeal, Dungaree's only contention is that "[t]he Court of Federal Claims decision cannot be sustained since Plaintiff's case lies in contract." However, Dungaree has failed to provide any reasoning or analysis supporting its position, in violation of Fed.R.App.P. 28(a)(5). Fed.R.App.P. 28(a)(5) provides that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." This court has stated that it will not address legal arguments that cannot be discerned from an appellant's brief. Milmark Services, Inc. v. United States, 731 F.2d 855, 859 (Fed.Cir.1984). Because of its failure to provide any supporting argumentation, Dungaree has waived the appeal of the one issue it raises in its brief. Accordingly, the judgment below must be affirmed. In addition, even if Dungaree had not waived the one issue it appealed and we reached that issue and ruled in Dungaree's favor, we would still be required to affirm because Dungaree has not appealed the other grounds upon which the judgment of the Court of Federal Claims is based.